OPINION
On August 28, 1998, Rosemary Taylor filed a lawsuit against Loft Painting Company and Setterlin Construction Company. She alleged that the named defendants had negligently harmed her on or about April 6, 1994.
After service of process, both Loft Painting Company and Setterlin Construction Company filed answers in which they alleged that the lawsuit was barred by the applicable statute of limitations. Later, both companies filed motions for summary judgment. The trial court granted summary judgment.
Rosemary Taylor has now pursued a direct appeal, assigning a single error for our consideration:
 The court of common pleas erred as a matter of law in finding that Rosemary Taylor was barred by R.C. 2305.10 from bringing her bodily injury claim against Loft Painting Co. and Setterlin Construction Co.
R.C. 2305.10(A) reads:
 Except as provided in division (C) of this section, an action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues. Except as provided in divisions (B)(1) to (4) of this section, a cause of action accrues under this division when the injury or loss to person or property occurs.
R.C. 2305.10(C) deals with product liability claims. R.C. 2305.10(B)(2), (3) and (4) deal with exposure to certain chemicals which are not involved in this case. R.C. 2305.10(B)(1) reads:
 For purposes of division (A) of this section, a cause of action for bodily injury that is not described in division (B)(2), (3), or (4) of this section and that is caused by exposure to hazardous or toxic chemicals, ethical drugs, or ethical medical devices accrues upon the date on which the plaintiff is informed by competent medical authority that the plaintiff has an injury that is related to the exposure, or upon the date on which by the exercise of reasonable diligence the plaintiff should have known that the plaintiff has an injury that is related to the exposure, whichever date occurs first.
This case depends upon an interpretation of R.C. 2305.10(A) and 2305.10(B)(1).
Rosemary Taylor was employed as a sheet metal worker. She was working at the Southern Ohio Correctional Facility ("SOCF") in April of 1994, taking part in the clean-up process following the riots at the prison. Suddenly, she passed out. At the time, four workers who she thought worked for Loft Painting Company and/or Setterlin Construction Company were using a chemical or chemicals to seal the concrete floors nearby.
Ms. Taylor received medical attention almost immediately. The next day she followed up with an appointment with her regular physician.
Within a matter of days of the passing out incident, Ms. Taylor became aware that she had no sense of smell. Originally, she and her physician attributed her loss of smell to a cold, but when she still had no sense of smell many months later Ms. Taylor decided to see an ear, nose and throat specialist. The specialist, Dr. Daniel Jackson, diagnosed her as suffering from anosmia.
"Anosmia" simply means "loss or impairment of the sense of smell." See Webster's New Complete Medical Dictionary at 34.
In short, Dr. Jackson gave a diagnosis that was nothing more than a one-word description of the symptoms Rosemary Taylor was experiencing, namely she had no sense of smell. Dr. Jackson was unable to make a definitive diagnosis of the cause of the impairment of Ms. Taylor's sense of smell, but Ms. Taylor provided him a medical history in which she blamed the chemicals being used when she passed out.
After this lawsuit was filed and the chemicals being used to treat the concrete floor at SOCF became known to Ms. Taylor, another physician identified the inhaling of xylene as the cause of Ms. Taylor's anosmia. Loft Painting Company had provided information indicating that xylene was being used around the date Ms. Taylor passed out.
Obviously, Ms. Taylor did not file her lawsuit within two years of the date she was injured. The key question is whether the two-year limitation set forth in R.C. 2305.10(A) has been extended by the provisions of R.C.2305.10(B)(1). The trial court found that Ms. Taylor should have known before August of 1996 that she had been injured as a result of her exposure to the chemical or chemicals being used to treat the concrete floor if she had exercised reasonable diligence. The trial court found:
 Here, Taylor was aware that after her six-month-old cold resolved, she still could not smell. In contrast to Liddell
[v. SCA Serv. of Ohio, Inc. (1994) 70 Ohio St.3d 6], Taylor did not suffer from a condition, like cancer, that went undetected for years. After being treated by her family physician, Dr. Schumacher, for two years and still unable to smell, she saw Dr. Jackson, an ENT specialist, in April of 1996. This Court agrees with Setterlin and Loft, that a reasonable person, would have connected the inability to smell with a prior incident wherein she fainted from the inhalation of fumes, became disoriented, required oxygen, and then suffered from a cold that persisted for approximately six-months. This Court also agrees that, at the very latest, April 1996 constitutes when the statute of limitations began to toll. Having filed suit in August of 1998, Taylor's action is barred by R.C. 2305.10. * * * [Footnote omitted.]
We agree with the trial court's factual analysis. Ms. Taylor was aware she had no sense of smell almost immediately after the incident. She knew the loss of sense of smell was not related to her cold when her cold ended. The obvious thing to do was to follow up in investigating the identity of the strange chemical or chemicals which caused her to pass out almost immediately before she lost her sense of smell.
The trial court was within its discretion to find that with the exercise of reasonable diligence, Ms. Taylor would have learned the cause of her anosmia more than two years before she filed suit.
The assignment of error is overruled.
The judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS and BROWN, JJ., concur.